# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS TANKAMASH<br>LEONARDO J. HERNANDEZ-ESPINOZA<br>*Plaintiffs*<br><br>v.<br><br>CORATO I PIZZA & RESTAURANT CORP.<br>d/b/a CORATO I PIZZA<br>GIUSEPPE BARRETTA<br>*Defendants*, jointly and severally. | № 15-cv-06093-NGG-RML<br><br><br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Agreement") sets forth the mutual understanding between CARLOS TANKAMASH and LEONARDO J. HERNANDEZ-ESPINOZA ("Plaintiffs"), on the one hand, and CORATO I PIZZA & RESTAURANT CORP. d/b/a CORATO I PIZZA and GIUSEPPE BARRETTA ("Defendants") and the corporate defendants' parents, subsidiaries, affiliates, successors and assigns, divisions, their respective past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel and/or agents whether in their official or personal capacity, and each of their respective successors and assigns regarding Plaintiffs' employment and the settlement of all claims Plaintiffs have asserted against Defendants, including all claims for unpaid wages, unpaid minimum wages, unpaid overtime wages, and penalties for notice and recordkeeping violations. The Plaintiffs and Defendants may each be referred to as "Party" and collectively as "Parties."

WHEREAS, Plaintiffs commenced an action against Defendants in the United States District Court for the Eastern District of New York styled <u>Tankamash *et al.* v. Corato I Pizza & Restaurant Corp. *et al.*</u> (Case No.: 15 Civ. 06093-NGG-RML) alleging (1) minimum wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) overtime violations under the FLSA and NYLL; (3) violations of the notice and recordkeeping provisions of the FLSA; and (4) violations of the New York Wage Theft Prevention Act;

WHEREAS, Defendants deny Plaintiffs' claims;

WHEREAS, the Parties, all of whom have received independent legal advice in this matter, wish to settle this matter in a manner that will obviate the need for arbitration or other administrative or court litigation between the Parties to this Agreement and will preclude the bringing of any claims, causes, proceedings or actions related to Plaintiffs employment with Defendants against any and all of the Defendants, including but not limited to, any claims for unpaid wages, unpaid minimum wages, unpaid overtime wage, or notice and recordkeeping penalties by providing

1

Plaintiffs with an amount of money that will recompense Plaintiffs for any and all of their alleged claims, costs and attorneys' fees;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

### 1. Payment

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to pay Plaintiffs the total amount of FIFTY-FIVE THOUSAND DOLLARS ($55,000.00), which includes costs and attorneys' fees, in a single payment to be received on or before January 13, 2017.

If the Court has not approved this Agreement by January 13, 2017, the payment shall be due THREE (3) DAYS following the Court's approval of the Agreement.

The payment shall be made in four (4) checks:

(i) One (1) made payable to the operating account of Eisner & Dictor, P.C. in the amount of $1,010.51 for costs;
(ii) one (1) made payable to the operating account of Eisner & Dictor, P.C. in the amount of $18,333.33 as attorneys' fees;
(iii) one (1) made payable to Carlos Tankamash in the amount of $32,132.46;
(iv) one (1) made payable to Leonardo J. Hernandez-Espinoza in the amount of $3,523.68.

Defendants agree that the payment will be made by check to be received by Eisner & Dictor, P.C., 39 Broadway, Suite 1540, New York, New York 10006, on or before January 13, 2017, unless the payment is delayed by the date of Court approval as detailed above.

### 2. Default

If Defendants fail to make timely payment, Plaintiffs shall provide notice of the default to Angelo R. Bisceglie, Jr., Esq., by email to angelo@biscegliassociates.com. Defendants will then have ten (10) days from the date of receipt of such default notice within which to cure the default. If the default is not cured within such time, Plaintiffs shall have the right to recover attorneys' fees, costs and disbursements incurred in enforcing the payment obligation under this Agreement, and to the extent the Court permits, the District Court for the Eastern District of New York will retain jurisdiction to enforce this Agreement.

### 3. Covenant Not to Sue

Plaintiffs shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or

agency, with the exceptions discussed in paragraph 7 below), against Defendants arising out of or relating to any allegation or claim (whether Plaintiffs' or any other person's) concerning Plaintiffs' employment with Defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena. Should Plaintiffs receive a subpoena demanding that he provide any testimony or information regarding any issue covered within this Agreement, Plaintiffs and/or their counsel shall immediately notify Defendants c/o Angelo R. Bisceglie, Jr., Esq., Bisceglie & Associates, PC, 112 Madison Avenue, 10th Floor, New York, New York 10016, in writing of any such required disclosure not less than ten (10) days prior to the time set for disclosure to allow Defendants sufficient time to address and move to quash said subpoena.

### 4. Non-Admission

This Agreement does not and shall not be deemed to constitute an admission that Defendants have violated any law, statute, or contract or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment.

### 5. Settlement Approval

The parties shall submit this executed Agreement to the Court for review and approval and, if required by the Court, a motion requesting the Court's approval of this Agreement. This Agreement shall not be effective until the Court approves this Agreement and the Parties execute it.

### 6. Re-employment

Plaintiffs hereby waive any and all rights to employment, reinstatement or re-employment with the Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and he will not in the future ever seek reemployment in any position with Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

### 7. Release

In consideration of the payments, benefits, agreements and other consideration to be provided by defendants as described in the Agreement, Plaintiffs, for themselves and for their heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, shareholders, stockholders, any trusts having ownership in any of the Defendants, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, directors, employees, trustees, agents,

whether personally as individuals or in their official corporate capacity, and each of their respective successors and assigns of and from all claims, actions, suits, or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands whatsoever at law or in equity ("claims") that are contained in or relate to those set forth in the pleadings of the Action (Case No.: 15 Civ. 06093-NGG-RML) including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, New York Code Rules and Regulations, contract and tort laws relating to Plaintiffs' employment with Defendants and/or the separation thereof, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their separation thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Plaintiffs and Defendants acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

### 8. Attorneys' Fees

Except as noted in paragraph 1, no party shall be responsible or liable for the payment of any attorneys' fees or costs for the other party.

### 9. Representations and Acknowledgements

Plaintiffs understands and agrees that they have been advised to consult with their own attorneys, and Plaintiffs acknowledge that they have in fact consulted with their own attorneys, Eisner & Dictor, P.C., before signing this Agreement.

### 10. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the Party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 11. Stipulation of Dismissal

Plaintiffs agree to withdraw their complaint (Case No.: 15 Civ. 06093-NGG-RML) and shall execute a Stipulation of Dismissal with prejudice (annexed hereto) upon full execution of this Agreement, which shall be filed with the Court immediately.

### 12. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 13. Effective Date

This Agreement and Release shall become effective immediately upon execution of the last executing party, subject to the approval of the Court.

### 14. Interpretation

No interpretations or ambiguous language should be treated in favor or against any one party as each party played an equal role in drafting and finalizing this Agreement, as authors and detailers.

### 15. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**AGREED AND ACCEPTED:**

*Plaintiffs*:

_____  Date: 01/06/17
Carlos Tankamash

_____  Date: _____
Leonardo J. Hernandez-Espinoza

Plaintiffs agree to withdraw their complaint (Case No.: 15 Civ. 06093-NGG-RML) and shall execute a Stipulation of Dismissal with prejudice (annexed hereto) upon full execution of this Agreement, which shall be filed with the Court immediately.

### 12. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 13. Effective Date

This Agreement and Release shall become effective immediately upon execution of the last executing party, subject to the approval of the Court.

### 14. Interpretation

No interpretations or ambiguous language should be treated in favor or against any one party as each party played an equal role in drafting and finalizing this Agreement, as authors and detailers.

### 15. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**AGREED AND ACCEPTED:**

*Plaintiffs*:

_____          Date:_____
Carlos Tankamash

_____          Date: 05/01/17
Leonardo J. Hernandez-Espinoza

5

*Defendants*:

CORATO I PIZZA & RESTAURANT CORP.
d/b/a CORATO I PIZZA

*[signature]*            Date: 1/12/17
By: Giusseppe Barretta, President

STATE OF           )
                           ) ss.:
COUNTY OF        )

On this 12 day of January 201 7 before me personally came **Giusseppe Barretta**, to me known, who, being by me duly sworn did depose and say that he resides in Manhasset Hills, New York, that he is the **President of Corato I Pizza & Restaurant Corp. d/b/a Corato I Pizza**, the corporation described in and which executed the above Agreement; that he knows the seal of said corporation; that the seal affixed to said instrument is such a corporate seal, that it was so affixed by the order of the Board of Directors of said corporation, and that he or she signed his or her name thereto by like order.

PETER IANNACE
Notary Public, State of New York
No. 02IA6039924
Qualified in Westchester County
Commission Expires April 10, 20 18

*[signature]*            Notary Public

*[signature]*            Date: 1/12/17
Giusseppe Barretta, Individually

6